Donald PERRY

v.

LOCAL UNION NO. 56 OF the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, and Tri-State Chapter of the National Electrical Contractors Association Inc.

Civ. A. No. 77–138 ERIE.

United States District Court,
W. D. Pennsylvania.

April 24, 1979.

William J. Schaaf, Erie, Pa., for plaintiff.

Vedder J. White, Erie, Pa., for Local Union No. 56.

Warren W. Bentz, Erie, Pa., for Tri-State Chapter of the Nat. Elec. Contractors.

## OPINION

WEBER, Chief Judge.

On May 21, 1975, the plaintiff was injured while employed in Pennsylvania by D&A Electric Co. (D&A), an Ohio corporation. He filed an application for workmen's compensation benefits in Ohio, where D&A carried workmen's compensation insurance, and has received an award under the Ohio system. After discovering that D&A had not obtained workmen's compensation coverage in Pennsylvania and that the Pennsylvania benefits for his injury would substantially exceed those obtainable in Ohio, he sued D&A in this Court in another action at Civil Action No. 75–104 Erie for not obtaining workmen's compensation coverage in Pennsylvania. He also brought the present case separately against Local Union 56 of the International Brotherhood of Electrical Workers ("Local 56") to which he belonged, and the Tri-State Chapter of the National Electric Contractors Association, Inc. ("Tri-State") which had negotiated a collective bargaining agreement with the Local 56 which bound D&A. The essence of the plaintiff's action against these defendants is that they had a duty to him to oversee the actions of D&A to insure that D&A had obtained workmen's compensation insurance in Pennsylvania. Before the Court are the defendants' Motions to Dismiss, which we will grant for the following reasons:

First, as a matter of law, the plaintiff has no cause of action against Tri-State for failing to insure that D&A obtained Pennsylvania workmen's compensation insurance. Tri-State is an assembly of individual employers which has entered a collective bargaining agreement with Local 56. The plaintiff points to Article III, § 6 of that agreement as erecting a duty on the part of Tri-State to insure that the individual employers carry Pennsylvania workmen's compensation insurance.

For all employees covered by this Agreement, the Individual Employers shall carry Workmen's Compensation Insurance with a company authorized to do business in this State, including the addi-

tional medical endorsement which covers employees during working hours—Social Security and such other protective insurance as may be required by the laws of the State and shall furnish satisfactory proof of such upon request of the Union.

. . .

On July 7, 1974, D&A signed a letter of assent to the collective bargaining agreement by which it became bound to the terms and conditions of the agreement as though D&A was one of the original signatories. Assuming that the above provision obligates individual employers like D&A to carry Pennsylvania insurance, we cannot consider Tri-State to be an individual employer as that term was defined in Art. III, § 5, nor can we interpret the agreement or the parties reasonable expectations to impose upon Tri-State any duty to insure that D&A had obtained Pennsylvania workmen's compensation insurance before hiring the plaintiff. In negotiating the agreement, Tri-State was merely acting as bargaining arm for several individual employers who agreed to be bound by the terms negotiated by Tri-State. In addition, Tri-State is composed of several individual employers and we cannot see any rationale for imposing liability on other employers for D&A's failure to comply with the terms of the collective bargaining agreement. Accordingly, Tri-State's Motion to Dismiss is GRANTED.

Second, as a matter of law, the plaintiff has no cause of action against Local 56 for failing to insure that D&A obtained Pennsylvania workmen's compensation insurance. The plaintiff brings its action under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. As interpreted, that section charges unions with the fiduciary duty to represent employees fairly in the negotiation, administration, and enforcement of collective bargaining agreements. *Brady v. Trans World Airlines, Inc.,* 401 F.2d 87, 94 (3d Cir. 1968); *Bazarte v. United Transportation Union,* 429 F.2d 868, 871 (3d Cir. 1970). Neither our research efforts nor the brief supplied by the plaintiff indicate that any court has interpreted a union's duty to "enforce" a collective bargaining agreement to include an obligation to monitor the business activities of foreign employers to insure that they have complied with particular contract provision. In light of the well settled body of case law which has applied the union's duty to enforce in fact situations involving mainly a union's failure to prosecute employees' grievances, we cannot see any reason to expand this already broad fiduciary duty to encompass the duty to insure that D&A obtained Pennsylvania workmen's compensation insurance before hiring Pennsylvania employees, see *Brady v. Trans World Airlines, Inc.,* 401 F.2d at 94, nn. 18–21 (collected cases). There is no allegation here of failure to process a grievance.

Even if we could stretch Local 56's duty so far, Local 56 would have breached the duty "only" if its "conduct toward a member [was] arbitrary, discriminatory, or in bad faith," *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1966). *See also, Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); *Ford Motor Co. v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). The plaintiff's pleadings and evidence totally lack these necessary elements. Indeed, the evidence submitted by the plaintiff himself indicates that the union applied rigorous pressure, threatening removal of employees from D&A's jobsite, to have D&A obtain Pennsylvania workmen's compensation insurance. Allegations of negligence or poor judgment are not enough to make out a claim under § 301, *Bazarte v. United Transportation Union,* 429 F.2d at 872. Accordingly, the Motion to Dismiss filed by Local 56 is GRANTED.